UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW GOODROW,<br><br>                              Plaintiff,<br><br>     v.<br><br>Sgt. HANNON, CC2 GUNTHER, CUS PERKINS, and C/O NISSIN,<br><br>                              Defendants. | No.  4:14-CV-5023-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

   Before the Court, without oral argument, are Defendants' Motion for Summary Judgment, ECF No. 35; Motion for Summary Judgment, ECF No. 41; and Motion to Strike, ECF No. 57.

   Plaintiff, Matthew Goodrow, has sued four employees of the Coyote Ridge Corrections Center after he was allegedly attacked by Mr. Christopher Parker, a fellow inmate, on May 20, 2013. ECF No. 6. Plaintiff claims he told each of the Defendants that Mr. Parker had threatened him and none of them took steps to keep him safe. *Id.* He argues that this "deliberate indifference" by the Defendants constitutes a violation of his rights under the Eighth and Fourteenth Amendments and is suing for monetary damages under 42 U.S.C. § 1983. *Id.*

//

ORDER **-** 1

Defendants filed two motions for summary judgment. *See* ECF Nos. 35 & 41. The first argues that Mr. Goodrow failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. ECF No. 35. The second motion argues that no constitutional violations occurred. ECF No. 41.

**I.   Factual History**

On May 9, 2013, Mr. Goodrow arrived at Coyote Ridge Corrections Center. ECF No. 54 at 1. Mr. Goodrow was assigned to a cell with Mr. Chris Parker. *Id.* at 2. Mr. Goodrow claims that from the moment he moved in Mr. Parker was difficult, "angry," and a "germaphobe." *Id.* He also claims that multiple people at the center told him that putting him in the same cell as Mr. Parker was a mistake. *Id.* Over the next few days, Mr. Goodrow repeatedly spoke with various Department of Corrections officers and counselors about being moved to a different cell. *Id.* at 3. Finally, after a couple of verbal incidents between the two inmates, Mr. Goodrow was finally moved to a new cell on May 15. *Id.* at 4-5. On May 16, Mr. Goodrow met with the Facility Risk Management Team, which included Defendants, and told them what happened. *Id.* at 6. Mr. Goodrow then wrote a statement against Mr. Parker. He claims that the statement was leaked to Mr. Parker and that Mr. Parker became angry at him for writing it. *Id.* On May 20, Mr. Parker allegedly told Mr. Goodrow two times "You're going to lose your life." *Id.* at 7. That same day, Mr. Goodrow told his counselor that Mr. Parker had threatened him. *Id.* Later that same day, at approximately 3:00 p.m., Mr. Parker came to see Mr. Goodrow and asked to see the move request form. When Mr. Goodrow turned to get it for

him, Mr. Parker attacked him. *Id.* As a result, Mr. Goodrow suffered a concussion and received stiches for a cut on his head. *Id.* at 7-8. Mr. Goodrow was held in administrative-segregation for ten days then released into general population on May 29, 2013. ECF No. 40-1 at 46.

Mr. Goodrow did not pursue any remedial action until approximately six months later when on January 4, 2014, he filed a Standard Tort Claim Form with the State of Washington. ECF No. 40-2. S. Nace, a Tort Claim Investigator for the State of Washington, investigated the incident and wrote Mr. Goodrow explaining that he did not have a tort claim against the state. ECF No. 6 at 9. Mr. Goodrow then filed the complaint in this case on February 20, 2014, and admitted in his filings that he did not exhaust the administrative procedures before filing. ECF No. 6 at 2. It was not until July 19, 2014, fourteen months after the incident and five months after filing this case, that Mr. Goodrow submitted a grievance to the prison regarding the incident. ECF No. 38-2. Under Department of Corrections regulations, grievances must be filed within 20 days of the incident but extensions may be granted under special circumstances. ECF 38 at 4.

Mr. Goodrow claims that he was unable to file a grievance because he was still suffering from headaches resulting from the attack. ECF No. 59 at 2. He also claims that he did not know that grievances must be filed within 20 days of the incident occurring. *Id.* However, in his deposition, Mr. Goodrow admitted that there was nothing that kept him from filing a grievance other than the fact that he did not know about the 20-day filing window. ECF No. 40-1 at 63.

ORDER - 3

1   Every inmate who arrives at Coyote Ridge Corrections Center must
2   undergo an orientation meeting during which an explanation of the
3   grievance procedure is given. Mr. Goodrow attended this meeting and
4   signed a document confirming that the procedures had been discussed.
5   ECF No. 39-1. The 20-day requirement is listed in both the Offender
6   Grievance Program Handout and on the Grievance form itself.

7   **II.  Analysis**

8   The Prison Litigation Reform Act (PLRA) states that "No action
9   shall be brought with respect to prison conditions under section 1983
10  of this title, or any other Federal law, by a prisoner . . . until
11  such administrative remedies as are available are exhausted." 42
12  U.S.C. § 1997e. It "requires that a prisoner exhaust available
13  administrative remedies before bringing a federal action concerning
14  prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.
15  2009). "Even when the prisoner seeks relief not available in grievance
16  proceedings, notably money damages, exhaustion is a prerequisite to
17  suit." *Porter v. Nussle,* 534 U.S. 516, 524 (2002). Furthermore,
18  "proper exhaustion of administrative remedies is necessary." *Woodford*
19  *v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382, 165 L. Ed. 2d 368
20  (2006). Specifically, a prisoner must exhaust the remedy within the
21  proper time frame or he will not be considered to have fully exhausted
22  his remedies. *Id.* (holding that a prisoner, who failed to file a
23  grievance within the requisite 15-day window, did not exhaust his
24  administrative remedies).

25  Here, Mr. Goodrow was attacked on May 20, 2013. ECF No. 6. He
26  did not file a grievance with the prison until fourteen months after

the incident and five months after he had filed suit in this Court. ECF No. 38-2. At the he filed this lawsuit, he had never filed a grievance with the Department of Corrections on this subject or any other. He did not make a formal complaint to anyone until seven months after the incident when he filed a tort claim with the State of Washington. ECF No. 40-2.

Mr. Goodrow's excuses for this failure to exhaust his administrative remedies are unpersuasive. His first is that he was unable to file a grievance after the incident due to the pain he was in as a result of the attack. However, he admits that he was released from observation and put back in general population after ten days. This left him ten days to file a grievance. Furthermore, Mr. Goodrow admitted in his deposition that the only thing that prevented him from filing a grievance when released was that he didn't know he had to. ECF No. 40-1 at 63. This is his second reason: that he didn't know. Mr. Goodrow claims that he didn't know about the procedure. But every inmate is told about the procedures and Mr. Goodrow signed a document acknowledging that grievance procedures were covered in the orientation meeting. ECF No. 39-1.

### III. Conclusion

The Court finds that Mr. Goodrow failed to exhaust his administrative remedies and is barred from pursuing a § 1983 claim by the PLRA. Therefore, the Court grants Defendants' Motion for Summary Judgment, ECF No. 35. As a result, it is unnecessary for the Court to analyze the merits of Mr. Goodrow's claims and denies the Defendants'

Motion for Summary Judgment, ECF No. 41, and Motion to Strike, ECF No. 57, as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 35**, is **GRANTED**.
2. Defendants' Motion for Summary Judgement, **ECF No. 41**, and Motion to Strike, **ECF No. 57,** are **DENIED AS MOOT**.
3. All pending deadlines, hearing, and trial are **STRICKEN**.
4. Judgment is to be entered in Defendants' favor with prejudice.
5. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Goodrow and counsel.

**DATED** this   1st   day of October 2015.

                            s/Edward F. Shea
                            EDWARD F. SHEA
                  Senior United States District Judge

Q:\EFS\Civil\2014\5023.ord.grant.sj.lc2.docx

ORDER **-** 6